UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Respondent, ) | |
| v. ) | No. 2:12-CR-98(04) |
| ) | |
| MARK WALLACE CRABLE, JR., ) | |
| Petitioner. ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's motions for a reduction of sentence, [Docs. 536, 547]. The defendant requests a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10 as amended by Amendments 780 and 782 to the United States Sentencing Guidelines. The United States has responded and acknowledges the defendant is eligible for a reduction in sentence but defers to the Court's discretion whether and to what extent to reduce defendant's sentence, [Doc. 550]. The defendant also filed a motion for the Court to resolve the pending motions for sentence reduction. [Doc. 583]. The motion for resolution, [Doc. 583], is GRANTED. The motions for sentence reduction, [Doc. 536, 547], will be GRANTED IN PART.

The defendant was convicted of participating in a conspiracy to manufacture at least 5 grams but less than 50 grams of methamphetamine, 21 U.S.C. §§ 846 and 841(b)(1)(B). The defendant was held accountable for 51 grams of pseudoephedrine, equating to a marijuana equivalent of 510 kilograms of marijuana. This resulted in a base offense level of 28. The base offense level was decreased by three levels pursuant to USSG § 3E1.1(a) & (b) (acceptance of responsibility), resulting in a total offense level of 25. The defendant's criminal history category was V, resulting in an advisory guideline range of 100 months to 125 months. The United States filed a motion for downward departure pursuant to USSG § 5K1.1, which the Court granted and

1

sentenced the defendant to 94 months' imprisonment, a 6-percent reduction from the bottom of the defendant's guideline range.

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). Title 18 United States Code § 3582(c)(2), however, gives a district court authority to modify a term of imprisonment that has been imposed on a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission," 18 U.S.C. § 3582(c), through a retroactively applicable amendment such as Amendment 782. *Id.*; USSG § 1B1.10. The Court may reduce the term, "after considering the factors set forth in § 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 identifies the guideline amendments that may be applied retroactively, and sets out the factors for deciding a sentence reduction motion under § 3582(c). The Supreme Court has made clear that § 3582 does not require a sentencing or resentencing proceeding, but gives courts the power to reduce an otherwise final sentence under circumstances established by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817 (2010); *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010); USSG § 1B1.10, cmt. background (noting that a reduction under § 1B1.10 is discretionary and "does not entitle a defendant to a reduced term of imprisonment as a matter of right").

Section 3582(c)(2) establishes a two-step inquiry: First, the court must determine whether the defendant is eligible for a sentence reduction. If he is, the court must then consider whether, in its discretion, the authorized reduction is warranted in whole or in part under the circumstances.

*Dillon*, 130 S. Ct. at 2691-92; *United States v. Greenwood*, 521 Fed. App'x 544, 547 (6th Cir. 2013). In exercising its discretion, the court is required to consider public safety factors and is permitted to consider post-sentencing conduct in deciding whether a reduction in the defendant's term of imprisonment is warranted. USSG § 1B1.10, cmt. (n. 1(B)(ii)-(iii)). Thus, the district court is required to consider both the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment." *Curry*, 606 F.3d at 330 (quoting USSG § 1B1.10, cmt. n. 1(B)(ii)).

One other factor is relevant to the instant motion. Ordinarily, a defendant's sentence may not be reduced to a term "less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2)(A). But where, as here, the defendant previously received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities," the Court has authority to grant a reduction "comparably less than the amended guideline range." USSG § 1B1.10(b)(2)(B). It is perfectly logical that the extent of the reduction should be determined based on the extent of assistance.

Based on the USSG amendments, the defendant's amended base offense level is 26. This base offense level is decreased by three levels pursuant to USSG § 3E1.1(a) & (b) (acceptance of responsibility), resulting in an amended total offense level of 23. An offense level of 23 combined with a criminal history category of V results in an amended guideline range of 84 to 105 months' imprisonment. The defendant requests an amended sentence of 79 months, 6-percent below the bottom of the amended guideline range.

The Court agrees with the defendant's calculations under the Amendments. However, the Court also must consider the defendant's post-sentencing conduct. Especially concerning are the defendant's three disciplinary sanctions that occurred in January and July of 2015 while the

3

defendant's motion for sentence reduction was pending. The defendant was sanctioned for fighting, exchanging money for unspecified contraband, and giving or accepting money without authorization. Additionally, the Court notes that the defendant's enrollment in the Non-Residential Drug Treatment Program was discontinued and that the defendant either failed or withdrew from the Residential Drug Treatment Program. This is particularly concerning given that the defendant is incarcerated for participating in a drug conspiracy, reported a serious substance abuse problem, and indicated at the time of sentencing a desire to participate in these programs. The defendant's disciplinary sanctions and failure to participate in the drug programs indicate that the defendant is not taking needed steps to prepare for release. However, the Court will in an exercise of its discretion grant some reduction in his matter so that the defendant may receive some benefit from the applicable amendments. Therefore, the defendant's motion is GRANTED IN PART, and his sentence is reduced to a term of 84 months, the bottom of the amended guideline range.

    ENTER:

                                                     s/J. RONNIE GREER
                                                UNITED STATES DISTRICT JUDGE